No. 92.—T. ALLAN, plaintiff in error, *vs.* COMSTOCK & BROTH-
ER, defendants.

[1.] A makes the following order on C & B :

"LAWRENCEVILLE, GA. Feb. 25, '52.

*Messrs. Comstock & Brother*—Please send me a small assortment of your·
most saleable medicines, to the amount of fifty dollars, at one half the re-
tail prices, at 12 months credit, with privilege of exchange.

                                                            ˙ T. ALLAN."

A being sued for the· price of the goods, offers to prove a verbal agree-
ment, made at the time when the order was drawn, that the goods were
to be delivered to him at Lawrenceville at the risk of C & B : *Held*, that A
should have been allowed to prove the verbal agreement.

Action on account, in Gwinnett Superior Court.    Tried be-
fore Judge JACKSON, September Term, 1854.

This was an action for goods sold and delivered, to the·

amount of $66$\frac{88}{100}$, brought by Comstock & Brother, merchants of New York, against T. Allan, a merchant of Lawrenceville, Ga.

The bill of particulars attached to the declaration, showed the goods to have been nearly all patent medicines of various kinds, with a small quantity of other drugs. The plea of defendant denied receiving the goods.

Plaintiffs, on the trial, introduced the following order:

"LAWRENCEVILLE, GA. Feb. 25, '52.

*Messrs. Comstock & Brother*—Please send me a small assortment of your most saleable medicines, to the amount of fifty dollars, at one half the retail prices, at 12 months credit, with privilege of exchange.

T. ALLAN."

The plaintiff's testimony showed that the goods had been boxed up and shipped by a vessel to Charleston, marked for the defendant at Lawrenceville, Ga. He proved, also, that some other articles had been ordered, verbally, through their agent, one B. L. Judson, (to whom the above order was given,) at the same time, making up the amount of $66$\frac{88}{100}$.

The defendant introduced Henry Allan, his clerk, who testified, among other things, that at the time the above order was given, the defendant declined, for a time, to take any of the medicines, but finally agreed to do so on sundry inducements being proffered by said Judson, as the agent of plaintiffs; among which was an agreement, that the medicines should be delivered at Lawrenceville at plaintiff's risk; and that thereupon, the defendant signed the order, of which Judson had a number prepared in blank; and that the goods were never received by the defendant at Lawrenceville.

The Court charged the Jury, that the testimony of Henry Allan, as to the contract to deliver the goods in Lawrenceville, at plaintiff's risk, went to vary and add to the written contract and could not be considered.

On which decision error is assigned.

COBB & HULL; UNDERWOOD, for plaintiff in error.

ALEXANDER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The order for the medicines was in these words:

"LAWRENCEVILLE, GA. Feb. 25, '55.

*Messrs. Comstock & Brother*—Please send me a small assortment of your most saleable medicines, to the amount of fifty dollars, at one half the retail prices, at 12 months credit, with privilege of exchange.

T. ALLAN."

Would parol evidence that it was agreed, at the time when this order was drawn, that the medicines were to be delivered by Comstock & Brother to Allan in Lawrenceville, have varied or contradicted this order? The Court below held that it would.

It appeared that Comstock & Brother were merchants or traders of New York.

It seems to this Court to be entirely consistent with the meaning of this order, that the medicines should be sent by the vendors to Lawrenceville, and there be delivered by them to the vendee. The order is simply silent as to the manner of delivery. It gives the vendors no authority to deliver the medicines to a ship in New York harbor or to any common carrier. How, then, can they be allowed to say, when they have delivered the goods to a ship to be carried to the vendee, that they have delivered them to the vendee himself? By reason of a usage they insist. But that usage, if it exists at all, is a usage which itself exists in parol. It is the vendors, then, that are the first to seek to vary the writing by the introduction of parol evidence.

They, in effect, say that on such orders, it was their usage

Allan *vs.* Comstock & Bro.

to deliver goods in New York to a ship, &c. as to the vendee himself; and they then insist that the vendee, in this case, is to be presumed to have contracted in reference to the usage; that is to say, is to be presumed to have agreed, outside of the writing, by parol, that the goods might be delivered for him to a ship.

Suppose it be admitted that they may say this. Then it follows, that if they may show, by parol, the parol usage, and may raise a presumption from the existence of that usage, that the vendee agreed to be bound by it, the vendor may, on his part, by parol, rebut the presumption and show that he did not agree to be bound by the usage.

And this is all that the vendee offered to do in this case.

Indeed, the testimony of the vendors hardly makes out a usage. It fails to show that the vendee, Allan, knew anything about the usage; and therefore, fails to show, does it not, that he could have contracted in reference to it.

Leaving usage out of the question, the vendors would not, by the order, have been authorized to deliver these goods to a ship or other common carrier. And had they done so, the carriage of the goods would have been at their risk. (*Anderson vs. Hodgson,* 5 *Price,* 630. *Vale vs. Bayle, Cowp.* 294. *Davies vs. Peck,* 8 *D. & E.* 330. *Dutton vs. Solomonson,* 3 *Bos. & Pul.* 584.)

And to my mind, the greatest doubt in this case is, whether the *vendors* had the right to vary the order by the sort of showing which they made of a usage. But if they had, the vendee, certainly, on his side, had the right, by the same sort of evidence, to rebut the presumption that he had agreed to be bound by the usage, and so to preserve the writing from being varied by a parol usage.

The evidence, we think, was admissible.

So there ought to be a new trial.